Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON ABBOTT, KEVIN LLOYD L. KACATIN, SOLEIL ROACHE<br><br>Plaintiffs,<br><br>v.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii<br><br>Defendant. | Civil Action No. 20-00360 (RT) |

## AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW the Plaintiffs, Jon Abbott, Kevin Lloyd L. Kacatin and Soleil Roache, ("Plaintiffs"), by and through their undersigned counsel, and complain of the Defendant as follows:

1

## I.    PARTIES

1. Plaintiff Jon Abbott is an adult male resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United States. But for Hawaii's restrictions on handgun magazines over ten rounds and his reasonable fear of criminal prosecution for violating them, Plaintiff Abbott would immediately acquire and continuously possess a handgun magazine over ten rounds within Hawaii for lawful purposes, including in-home self-defense. *See* Abbott Declaration, Exhibit "1".

2. Plaintiff Kevin Lloyd L. Kacatin is an adult male resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United States. But for Hawaii's restrictions on handgun magazines over ten rounds and his reasonable fear of criminal prosecution for violating them, Plaintiff Kacatin would immediately acquire and continuously possess a handgun magazine over ten rounds within Hawaii for lawful purposes, including in-home self-defense. *See* Kacatin Declaration, Exhibit "2".

3. Plaintiff Soleil Roache is an adult female resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United States. But for Hawaii's restrictions on handgun magazines over ten rounds and her reasonable fear of criminal prosecution for violating them, Plaintiff Roache would immediately acquire and continuously possess a handgun magazine over ten rounds within

Hawaii for lawful purposes, including in-home self-defense. *See* Roache Declaration, Exhibit "3".

4. Each of the individual Plaintiffs identified above seeks to keep, acquire, possess, and/or transfer handgun magazines capable of holding more than 10 rounds for lawful purposes, including in-home self-defense, as is their right under the Second Amendment to the United States Constitution. Each of the individual Plaintiffs identified above is eligible under the laws of the United States and of the State of Hawaii to receive and possess firearms.

5. Defendant Clare E. Connors is the Attorney General of the State of Hawaii and is sued in her official capacity and is responsible for enforcing the State of Hawaii's customs, policies, practices and laws related to the State of Hawaii's on the registration of firearms. Defendant Connors may be served at the Office of Attorney General located at 425 Queen St, Honolulu, Hawaii 96813.

## II.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## III.   STATEMENT OF FACTS

**a.   The Second Amendment**

8. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." U.S. CONST. amend. II.

9. The Second Amendment guarantees individuals a fundamental right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts,* 577 U.S. 1027 (2016). The Court has held that "a prohibition of an entire class of 'arms' that is overwhelmingly chosen by American society" is unconstitutional, especially when that prohibition extends "to the home, where the need for defense of self, family, and property is most acute." *Heller*, 554 U.S. at 628.

10. Magazines which hold more than ten rounds of ammunition are protected by the Second Amendment. *Duncan v. Becerra,* 2020 U.S. App. LEXIS 25836 (9th Cir. Aug. 14, 2020).

11. In *Duncan*, the Ninth Circuit overturned California's ban on the ownership of magazines that hold more than ten rounds.

12. Given the decision in *Duncan*, Hawaii may not ban magazines which hold more than ten rounds. *Id.*

13. Hawaii law prohibits "[t]he manufacture, possession, sale, barter, trade, gift, transfer, or acquisition of detachable ammunition magazines with a capacity in

excess of ten rounds which are designed for or capable of use with a pistol is prohibited." *See* H.R.S. § 134-8.

14. Millions of law-abiding Americans own firearms equipped with magazines capable of holding more than ten rounds of ammunition. There is nothing unusual or novel about this technology. Indeed, many of the nation's best-selling handguns come standard with magazines that can hold more than ten rounds, and handguns equipped with such magazines are safely possessed by law-abiding citizens in the vast majority of states. The reason for the popularity of these magazines is straightforward: In a confrontation with a violent attacker, having enough ammunition can be the difference between life and death.

15. A firearm "magazine" is a device that holds ammunition cartridges or shells, and (along with other parts of the firearm) it feeds the ammunition into the chamber for firing. Sporting Arms & Ammunition Mfrs.' Inst. (SAAMI), Glossary Results–M (2009), 25.

16. Detachable magazines are a convenient and safe way to store and transport ammunition.

17. Detachable magazines are in common use across the United States and the vast majority of states do not have restrictions on magazine capacity.

18. Millions of Americans choose magazines over ten rounds for self-defense, including self-defense in the home.

19. There are no exceptions to Hawaii law for the Plaintiffs to acquire or possess handgun magazines capable of holding more than ten rounds.

20. The Ninth Circuit in *Duncan* estimated that there are about 115 million Large Capacity Magazine currently in possession by civilians. *Duncan*, at 11. Stated differently, "half of all magazines in America hold more than ten rounds." *Id*. at 12.

21. These magazines "are commonly used in many handguns, which the Supreme Court has recognized as the 'quintessential self-defense weapon'." *Id*. (citation omitted).

22. The Glock 17, "[o]ne of the most popular handguns in America today … comes standard with a magazine able to hold 17 bullets." *Id*. at 27.

23. The prohibitions of H.R.S. § 134-8 extend into Plaintiffs' homes where Second Amendment protections are at their zenith and Defendant cannot satisfy her burden of justifying H.R.S. § 134-8's restrictions on the Second Amendment rights of the People, including Plaintiffs, to acquire, keep, possess, transfer and use magazines that are in common use by law-abiding adults throughout the United States for the core right of defense of self and home and other lawful purposes.

24. Further, laws like H.R.S. § 134-8 are not longstanding regulations and do not enjoy a presumption of lawfulness.

    **b. Plaintiff Jon Abbott**

25. Plaintiff Abbott is employed as an electrician.

26. Plaintiff Abbott currently legally owns handguns which would accept magazines that hold more than ten rounds.

27. Plaintiff Abbott is a director for the Hawaii Firearms Coalition.

28. Plaintiff Abbott has never been convicted of a crime that would disqualify him from firearms ownership under either Hawaii or federal law.

29. Plaintiff Abbott has never been diagnosed with a mental disorder that would disqualify him from firearms ownership under Hawaii or federal law.

30. Plaintiff Abbott does not abuse alcohol or use illegal drugs.

31. But for Hawaii law prohibiting the ownership of handgun magazines which hold over ten rounds and his reasonable fear of criminal prosecution for violating the prohibition, Plaintiff Abbott would immediately acquire and continuously possess a handgun magazine over ten rounds within Hawaii for lawful purposes, including in-home self-defense.

    c. **Kevin Lloyd L. Kacatin**

32. Plaintiff Kacatin is employed in the financial field working with loan deficiencies and debt mitigation.

33. Plaintiff Kacatin currently legally owns handguns which would accept magazines that hold more than ten rounds.

34. Plaintiff Kacatin has never been convicted of a crime that would disqualify him from firearms ownership under either Hawaii or federal law.

35. Plaintiff Kacatin has never been diagnosed with a mental disorder that would disqualify him from firearms ownership under Hawaii or federal law.

36. Plaintiff Kacatin does not abuse alcohol or use illegal drugs.

37. But for Hawaii law prohibiting the ownership of handgun magazines which hold over ten rounds and his reasonable fear of criminal prosecution for violating the prohibition, Plaintiff Kacatin would immediately acquire and continuously possess a handgun magazine over ten rounds within Hawaii for lawful purposes, including in-home self-defense.

### d. Soleil Roache

38. Plaintiff Roache is employed by Active Self Protection

39. Plaintiff Roache currently legally owns handguns which would accept magazines that hold more than ten rounds.

40. Plaintiff Roache has never been convicted of a crime that would disqualify her from firearms ownership under either Hawaii or federal law.

41. Plaintiff Roache has never been diagnosed with a mental disorder that would disqualify her from firearms ownership under Hawaii or federal law.

42. Plaintiff Roache does not abuse alcohol or use illegal drugs.

43. But for Hawaii law prohibiting the ownership of handgun magazines which hold over ten rounds and her reasonable fear of criminal prosecution for violating the prohibition, Plaintiff Roache would immediately acquire and continuously possess a handgun magazine over ten rounds within Hawaii for lawful purposes, including in-home self-defense.

## COUNT I

## U.S. CONST., AMEND. II

44. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

45. H.R.S. § 134-8 prohibits handgun magazines which come standard with or are commonly used in handguns that are "typically possessed by law-abiding citizens for lawful purposes," *Heller*, 554 U.S. at 624-25, throughout the United States. Millions of handguns, including the most popular models, come stock from the factory with magazines holding over ten rounds and the vast majority of states do not restrict the capacity allowed to be possessed.

46. Defendant's laws, customs and/or policies which ban handgun magazines that hold over ten rounds serves no substantial government interest and are not narrowly tailored.

47. As such, the ban violates the Plaintiffs' and all other similarly situated persons' rights under the Second Amendment.

48. The ban is unconstitutional both facially and as-applied to Plaintiffs and all other similarly situated persons.

## COUNT II

## (DECLARATORY JUDGMENT)

49. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

50. The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a).

51. Absent a declaratory judgment, there is a substantial likelihood that Plaintiffs will suffer irreparable injury in the future in the form of a violation of their Second Amendment rights.

52. There is an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

53. This Court possesses an independent basis for jurisdiction over the parties.

54. A judgment declaring that Defendant's ban on handgun magazines over ten rounds violates the Second Amendment facially and as-applied to Plaintiffs, and as-applied to all other law-abiding persons, would be in the public interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor and against Defendant as follows:

1. An order preliminarily and permanently enjoining Defendant, her officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing H.R.S. § 134-8's ban on handgun magazines which hold over ten rounds, both as-applied and facially;

2. Declaratory relief that H.R.S. § 134-8's ban on handgun magazines which hold over ten rounds is unconstitutional facially and as applied to Plaintiffs and as-applied to all other law-abiding persons;

3. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

4. Such other Declaratory relief consistent with the injunction as appropriate; and

5. Such other further relief as the Court deems just and appropriate.

Dated: August 24, 2020.

                                      Respectfully submitted,

                                      /s/ Alan Beck
                                      Counsel for Plaintiffs